UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS GOOLSBY, | ) | 1:11-cv-00394-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO AMEND |
| v. | ) | (Doc. 14.) |
| | ) | |
| FERNANDO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**I.     BACKGROUND**

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 8, 2011. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on August 29, 2012, requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court. (Doc. 12.) On September 17, 2012, Plaintiff filed the First Amended Complaint, which awaits the Court's requisite screening. (Doc. 13.)

///

///

1

On April 1, 2013, Plaintiff filed a motion for leave to amend the complaint, and lodged a proposed Second Amended Complaint. (Docs. 14, 15.) Plaintiff's motion for leave to amend is now before the Court.

## II.     RULE 15(a) - LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

## III.    DISCUSSION

Upon review of Plaintiff's proposed Second Amended Complaint, the Court finds that Plaintiff seeks to add new defendants and allegations arising from incidents that occurred after this case was filed on March 8, 2011, at the California Correctional Institution (CCI) in Tehachapi, California, and Pelican Bay State Prison (PBSP) in Crescent City, California.

### A.     Claims Arising at Pelican Bay State Prison (PVSP)

With respect to Plaintiff's new defendants from PBSP and allegations arising out of PBSP, venue is improper in this Court. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the

action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  None of the PBSP defendants named in the proposed Second Amended Complaint reside in this district.  The PBSP claims arose at PBSP in Crescent City, California, which is located in the Northern District of California.  Therefore, Plaintiff's PBSP claims are properly brought in the United States District Court for the Northern District of California, not here at this Court in the Eastern District of California. It would be futile for Plaintiff to bring claims arising out of PBSP at this Court, because venue is improper at this Court.

### B. Claims Arising from After-Occurring Events at California Correctional Institution (CCI)

With respect to Plaintiff's claims arising from events occurring at CCI after this case was filed on March 8, 2011, these are after-occurring claims that are properly brought in a supplemental complaint.  A supplemental complaint adds allegations to the complaint of events occurring after the original complaint was filed. Fed. R. Civ. P. 15(d).  Under Rule 15(d), the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  Id.  A party may only file a supplemental complaint with leave of court.  Id. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

Plaintiff's after-occurring claims at CCI are largely unrelated to his claims arising from events before March 8, 2011, and therefore in violation of Rule 18 of the Federal Rules of Civil Procedure. "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's earlier claims arise from allegations that Plaintiff was wrongly detained for an extended time in the Security Housing Unit at CCI by defendants Gonzales and Steadman, out of retaliation for Plaintiff filing prison grievances and court cases against prison officials. Plaintiff's after-occurring claims at CCI arise from allegations that defendants other than Gonzales and Steadman refused to facilitate court calls, transferred Plaintiff to PBSP, confiscated Plaintiff's personal property, refused to allow Plaintiff to correspond with his co-plaintiffs, and refused to process Plaintiff's legal documents. Plaintiff's after-occurring claims at CCI are unrelated to his earlier claims under Rule 18(a) because they do not concern the same defendants or events. The Court finds it would be futile to allow Plaintiff to supplement the complaint in this action with unrelated claims. Therefore, Plaintiff shall not be permitted to supplement the complaint with the after-occurring claims in the proposed Second Amended Complaint.

**IV.    CONCLUSION**

Because the Court lacks venue to hear Plaintiff's claims arising at Pelican Bay State Prison, and Plaintiff has been denied leave to supplement the complaint with claims arising from after-occurring events, the Court finds that it would be futile to allow Plaintiff to file the proposed Second Amended Complaint lodged on April 1, 2013.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to amend, filed on April 1, 2013, is DENIED; and

///

4

2. Plaintiff's First Amended Complaint, filed on September 17, 2012, shall be screened by the Court in due time.

IT IS SO ORDERED.

    **Dated:**   **April 3, 2013**               /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE