UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>             Plaintiff,<br><br>     vs.<br><br>FERNANDO GONZALES, et al.,<br><br>             Defendants. | 1:11-cv-00394-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT AND TO OPEN DISCOVERY<br>(Docs. 20, 21.) |

**I.     BACKGROUND**

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2011.  (Doc. 1.)  On May 4, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).  This case now proceeds on Plaintiff's First Amended Complaint, filed on September 17, 2012, against defendant T. Steadman for retaliation in violation of the First Amendment.[1]  (Doc. 13.)

---

[1] On April 22, 2013, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim.  (Doc. 17.)

On September 6, 2013, Plaintiff filed a request for the court to open the discovery phase for this action. (Doc. 20.) On October 9, 2013, Plaintiff filed a request for entry of default against defendant T. Steadman. (Doc. 21.) Plaintiff's two requests are now before the court.

**III.   DISCOVERY**

Plaintiff requests a court order commencing discovery, because it has been more than four months since the court ordered service to be completed by the U.S. Marshals Service ("Marshal"), and Plaintiff is eager to begin discovery.

Plaintiff is advised that the court will issue a scheduling order setting a schedule for discovery after defendant Steadman has filed an Answer to the complaint. To date, defendant Steadman has not filed an Answer. (Court Record.) Plaintiff has not shown good cause for the court to allow him to conduct early discovery.

**II.   ENTRY OF DEFAULT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**Plaintiff's Request**

Plaintiff requests entry of default against defendant Steadman. Plaintiff asserts that on May 6, 2013, the court ordered the Marshal to serve defendant Steadman with a copy of the summons and complaint, and defendant Steadman has been served. Plaintiff argues that default

///

should be entered against the defendant because approximately five months have elapsed, and defendant Steadman has not filed a responsive pleading or made an appearance.

**Discussion**

Court records reflect that on May 6, 2013, the court issued an order directing the Marshal to serve process in this action upon defendant Steadman. (Doc. 19.) To date, the court has not received any notice that defendant Steadman was served or that service by the Marshal was unsuccessful. (Court Record.) Plaintiff has not shown that Defendants were properly served with process and failed to plead or otherwise defend pursuant to Rule 55(a). Fed. R. Civ. P. 55(a). Therefore, Plaintiff's request for entry of default must be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for a court order opening discovery, filed on September 6, 2013, is DENIED; and

2.   Plaintiff's request for entry of default against defendant Steadman, filed on October 9, 2013, is DENIED.


IT IS SO ORDERED.

   Dated:   **October 11, 2013**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE