UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>        Plaintiff,<br><br>    vs.<br><br>FERNANDO GONZALES, et al.,<br><br>        Defendants. | 1:11-cv-00394-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STEADMAN BE DENIED, WITH PREJUDICE<br>(Doc. 30.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 8, 2011. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on September 17, 2012, against defendant T. Steadman for retaliation in violation of the First Amendment.[1] (Doc. 13.)

On April 23, 2014, Plaintiff filed a motion for default judgment against defendant Steadman ("Defendant"). (Doc. 32.)

---

[1] On April 22, 2013, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim. (Doc. 17.)

## II.  ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## III.  DISCUSSION

Plaintiff argues that Defendant Steadman failed to file a timely response to the complaint, in violation of Rules 55 and 12(a) of the Federal Rules of Civil Procedure.  Plaintiff argues that on March 13, 2014, the court granted Defendant a thirty-day extension of time in which to file a response, and by April 20, 2014, Defendant had not filed an Answer or any other pleading.

The record in this action shows otherwise.  On March 17, 2014, the court issued an order granting Defendant thirty days from the date of service of the order in which to file a response to the complaint. (Doc. 30.)  On April 17, 2014, Defendant filed a motion to declare Plaintiff a vexatious litigant and require payment of security before the case may proceed.  (Doc. 31.)  Defendant's motion of April 17, 2014 was a timely response to the complaint.  Based on this record, there is no evidence that Defendant failed to plead or otherwise defend against the complaint, and Plaintiff is not entitled to default judgment against Defendant on this ground.  The fact that Defendant has not filed an Answer in this action does not entitle Plaintiff to entry of default or default judgment.  As discussed above at ¶II, default may be entered under Rule 55 if a defendant "fails to plead *or otherwise defend*." Fed. R. Civ. P. 55 (emphasis added).  The filing of a motion to declare Plaintiff a vexatious litigant and require payment of

security before the case may proceed is evidence that Defendant has defended in this action, precluding entry of default and default judgment under Rule 55.  Thus, based on this record, there is no evidence that Defendant failed to plead or otherwise defend against the complaint, and Plaintiff is not entitled to default judgment against Defendant on this ground.  Therefore, Plaintiff's motion shall be denied, with prejudice.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for default judgment against Defendant Steadman, filed on April 23, 2014, be DENIED with prejudice.

These Findings and Recommendation will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within thirty (30) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **April 24, 2014**                       **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE