# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>            Plaintiff,<br><br>       vs.<br><br>FERNANDO GONZALES, et al.,<br><br>            Defendants. | 1:11-cv-00394-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT STEADMAN'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE PAYMENT OF SECURITY BE DENIED, AND PLAINTIFF'S MOTION FOR STAY AND TO CONDUCT DISCOVERY BE DENIED<br>(Docs. 31, 36.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2011.  (Doc. 1.)  This case now proceeds on

Plaintiff's First Amended Complaint, filed on September 17, 2012, against defendant T. Steadman ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 13.)

On April 17, 2014, Defendant filed a motion to declare Plaintiff a vexatious litigant and require payment of security.  (Doc. 31.)  On May 21, 2014, Plaintiff filed a motion for stay and to conduct discovery, or in the alternative, a sixty-day extension of time.  (Doc. 36.)

## II.    MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE PAYMENT OF SECURITY

### A.    Legal Standard

The All Writs Act, 28 U.S.C. § 1651, gives the Court the inherent power to enter pre-filing orders against vexatious litigants.  De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts.  Molski, 500 F.3d at 1057.  In determining the basis upon which the Court may require a litigant to post security, this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants. . . ."  Local Rule 151(b).  Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security."  Cal. Civ. Proc. Code § 391.1 (West 2014).

Under California law, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person . . . ."  Cal. Civ. Proc. Code § 391 (West 2014).  Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower.  While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent.

---

[1] On April 22, 2013, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim.  (Doc. 17.)

The court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." Id. at 992. "[I]nherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. See De Long, 912 F.2d at 1147-48 (before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions). The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012). For these reasons, the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.

**B.     Discussion**

Defendant argues that Plaintiff qualifies as a vexatious litigant because he was declared a vexatious litigant by Kern County Superior Court; and because he has commenced,

prosecuted, or maintained *in propria persona* at least thirteen pro se civil actions or proceedings within the seven years before filing his Complaint in this case.

Defendant asks the Court to take judicial notice of the following prior litigation of Plaintiff: 1) Thomas Goolsby v. Cate, et al., Kern County Superior Court ("KCSC") case S-1500-cv-270062 SPC, defendants' demurrer sustained without leave to amend, order entered May 31, 2011 (Request for Judicial Notice ("RJN"), Doc. 31-2, Exh. K); 2) Goolsby v. Tate, et al., KCSC case S-1500-cv-270541, defendants' motion for summary judgment granted, judgment entered July 13, 2011 (RJN, Exh. L); 3) Goolsby v. Cate, et al., KCSC case S-1500-CL-266864, defendants' motion to declare Plaintiff a vexatious litigant, judgment entered October 1, 2012 (RJN, Exh. M); 4. Goolsby v. Cate, et al., KCSC S-1500-AP-808, JRB, defendant's motion affirmed, order entered January 24, 2014 (RJN, Exh. N); 5) Thomas Goolsby v. Neil Ridge, United States Court of Appeals, Ninth Circuit, case 11-55965, appellant's motion for voluntary dismissal of appeal granted, order entered August 3, 2011 (RJN, Exh. O); 6) Thomas Goolsby v. Matthew Cate, et al., California Court of Appeal, Fifth Appellate District, case F062844, appeal from judgment of dismissal denied, opinion filed June 11, 2012 (RJN, Exh. P); 7) Thomas Goolsby v. Stainer, United States Court of Appeals for the Ninth Circuit, case 12-70963, petition for writ of mandamus denied, order entered July 10, 2012 (RJN, Exh. Q); 8) Thomas Goolsby v. Scarlett, California Court of Appeal, Fifth Appellate District, case F062974, petition for writ of mandate denied, order entered August 30, 2011 (RJN, Exh. R); 9) In re Thomas J. Goolsby on Habeas Corpus, California Court of Appeal, Fourth Appellate District, case D055361, civil writ petition denied for failure to fully exhaust administrative remedies, petition denied August 6, 2009 (RJN, Exh. S); 10) In re Thomas J. Goolsby on Habeas Corpus, California Court of Appeal, Fourth Appellate District, case D055747, civil writ petition denied for failure to fully exhaust administrative remedies, petition denied September 25, 2009 (RJN, Exh. T); 11) In re Thomas J. Goolsby on Habeas Corpus, California Court of Appeal, Fifth Appellate District, case F058733, civil writ petition denied, petition denied November 10, 2009 (RJN, Exh. U); 12) In re Thomas J. Goolsby on Habeas Corpus, Supreme Court of California, case S178810, civil writ petition denied, petition

denied January 21, 2010 (RJN, Exh. V); and 13) In re Thomas J. Goolsby on Habeas Corpus, California Court of Appeal, Fifth Appellate District, case F062614, civil writ petition denied, petition denied September 14, 2011 (RJN, Exh. W).

///

The Court reiterates that the focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. See De Long, 912 F.2d at 1147-48. Even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

Morton v. Wagner, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007). In Plaintiff's cases cited by Defendant above, two were dismissed for failure to exhaust administrative remedies. Such cases do not demonstrate a malicious or vexatious intent of the Plaintiff. Nor does losing an action at the summary judgment phase, voluntarily dismissing an action, or having a habeas petition denied, demonstrate maliciousness or vexatiousness. Defendant has failed to meet his burden in demonstrating that Plaintiff is a vexatious litigant. Since Defendant has failed to make a threshold showing that Plaintiff has a pattern of engaging in harassing litigation practices, the Court declines to address Defendant's argument that Plaintiff is not likely to succeed on the merits. (Doc. 31-1 at 13).

### III. PLAINTIFF'S MOTION FOR STAY AND TO CONDUCT DISCOVERY

In light of the Court's findings that Plaintiff is not a vexatious litigant, the Court recommends that Plaintiff's motion for stay and to conduct discovery, or in the alternative, for an extension of time, filed on May 21, 2014, be denied as moot.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to declare Plaintiff a vexatious litigant and require payment of security, filed on April 17, 2014, be DENIED; and

2. Plaintiff's motion for stay and to conduct discovery, or in the alternative, for extension of time, filed on May 21, 2014, be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 29, 2014**           **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE