UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>                 Plaintiff,<br><br>      vs.<br><br>FERNANDO GONZALES, et al.,<br><br>                 Defendants. | 1:11-cv-00394-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO OPEN DISCOVERY<br>(Doc. 38.) |

## I.    BACKGROUND

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2011.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint, filed on September 17, 2012, against defendant T. Steadman ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 13.)

On April 17, 2014, Defendant filed a motion to declare Plaintiff a vexatious litigant and require payment of security.  (Doc. 31.)  On May 29, 2014, the court entered findings and recommendations, recommending that Defendant's motion be denied.  (Doc. 37.)  The parties

---

[1] On April 22, 2013, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim.  (Doc. 17.)

were allowed thirty days in which to file objections to the findings and recommendations.  Id.
To date, no objections have been filed.

On June 9, 2014, Plaintiff filed a motion for the court to open discovery in this action.
(Doc. 38.)  On June 12, 2014, Defendant filed an opposition to the motion.  (Doc. 40.)  On June
23, 2014, Plaintiff filed a reply to the opposition.  (Doc. 41.)

## II.     MOTION TO OPEN DISCOVERY

Plaintiff requests the court to open discovery in this action, because evidence vital to
Plaintiff's case may be lost, as it has been more than four years since the incident underlying
the complaint occurred.  Plaintiff argues that discovery should proceed because Defendant is in
poor health and time is of the utmost importance.  Plaintiff also notes that Defendant's motion
to declare Plaintiff a vexation litigant and require security is no longer at issue because it was
denied by the court.

In opposition, Defendant argues that Plaintiff's motion is premature, because Defendant
has not yet filed an answer to the First Amended Complaint.  Defendant argues that the motion
to declare Plaintiff a vexatious litigant and require security was not an answer to the complaint.
Defendant also argues that Plaintiff is mistaken in his assertion that the motion to declare
Plaintiff a vexatious litigant and require security is resolved, because the court's findings and
recommendations remain pending.

In reply, Plaintiff argues that Defendant is stalling and has chosen not to file an answer,
causing prejudice to Plaintiff by delaying discovery which is inevitable.  Plaintiff argues that
the filing of an answer will not affect Plaintiff's discovery or Plaintiff's claims.

### Discussion

The discovery phase of this litigation is not yet open.  Plaintiff is directed to paragraph
eight of the court's First Informational Order, filed on March 10, 2011.  (Doc. 2 at 4 ¶ 8.)  In
that order, Plaintiff was specifically informed that he may not conduct discovery until
defendants file an answer and the court issues the discovery order.  Defendant Steadman's
motion to declare Plaintiff a vexatious litigant and require security is not an answer.  The court
will issue a scheduling order setting a schedule for discovery after Defendant has filed an

answer to the complaint.  Plaintiff's request to open discovery at this stage of the proceedings shall be denied.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to open discovery, filed on June 9, 2014, December 2, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **June 25, 2014**                              **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE