UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>            Plaintiff,<br><br>      vs.<br><br>FERNANDO GONZALES, et al.,<br><br>            Defendants. | 1:11-cv-00394-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. 48.)<br><br>ORDER STAYING DISCOVERY, EXCEPT FOR LIMITED PURPOSE DESCRIBED BY THIS ORDER, PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.    BACKGROUND

Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2011.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint, filed on September 17, 2012, against defendant T. Steadman ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 13.)

On August 14, 2014, the court issued a Discovery/Scheduling Order which opened the discovery phase for this action and established a deadline of April 14, 2015 for the parties to

---

[1] On April 22, 2013, the court dismissed all remaining claims and defendants from this action based on Plaintiff's failure to state a claim.  (Doc. 17.)

complete discovery.[2] (Doc. 47.) On August 15, 2014, Defendant filed a motion for a protective order staying discovery. (Doc. 48.) Plaintiff has not opposed the motion.

## II.     MOTION FOR PROTECTIVE ORDER – RULE 26(c)

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance"); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

### Defendant's Motion

Defendant moves for a protective order staying all discovery in this action, except for discovery related to whether Plaintiff has exhausted administrative remedies, until the court rules on Defendant's motion for summary judgment. Defendant argues that in light of the Ninth Circuit's early summary-judgment requirement on the issue of exhaustion in Albino v. Baca,[3] the court should use its discretion to limit discovery to evidence concerning exhaustion, if necessary, and leave until later, if it becomes necessary, discovery directed to the merits of the case. Defendant argues that in this case, it would be an undue burden and expense for

---

[2] Ordinarily, the Court issues the Discovery/Scheduling Order in this type of case soon after one of the defendants files an answer to the complaint. In this case, Defendant filed an Answer on August 13, 2014, and the court issued the Discovery/Scheduling Order on August 14, 2014. (Docs. 46, 47.) Defendant has noted that he requested, in a footnote to the Answer, that the court defer issuance of the Discovery/Scheduling Order until after resolution of the motion for summary judgment. (Doc. 46 at 1 fn.1.) Due to its unexpected inclusion within the body of the Answer, Defendant's request went unnoticed by the Court.

[3] Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

Defendant to respond to discovery requests or propound them at this time, since the pending motion for summary judgment for failure to exhaust administrative remedies encompasses all of Plaintiff's claims in this case and, if granted, will result in the dismissal of this case. Defendant requests that the court stay discovery on the underlying merits of the complaint and limit discovery, if any, to the issue of exhaustion of Plaintiff's administrative remedies.

**Discussion**

Based on Defendant's arguments and a review of Defendant's pending motion for summary judgment, the court finds good cause to grant Defendant's motion for a protective order.  See Wood v. McEwen, 644 F.2d 797, 801-02 (9th Cir. 1981).  Defendant's motion for summary judgment is based on the ground that Plaintiff failed to exhaust his administrative remedies for all of the claims at issue in this case.  Resolution of Defendant's motion for summary judgment may cause discovery to be unnecessary.  Plaintiff has not opposed a stay of discovery, and the court does not anticipate a lengthy stay pending resolution of the motion for summary judgment.  Therefore, based on the foregoing, Defendant's motion for a protective order staying discovery shall be granted.  Except for discovery related to whether Plaintiff failed to exhaust administrative remedies, the parties are precluded from responding to any discovery requests or serving further discovery requests until the stay is lifted.  If the parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of administrative remedies, they shall retain the discovery for later consideration after the stay has been lifted.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order, filed on August 15, 2014, is GRANTED;
2. Discovery in this action, which commenced on August 14, 2014, is STAYED, except for discovery related to whether Plaintiff has exhausted administrative remedies, pending resolution of the motion for summary judgment filed by Defendant on August 13, 2014; and

3. Following the resolution of Defendant's motion for summary judgment, the Court shall issue a new scheduling order if needed.

IT IS SO ORDERED.

Dated:   **September 13, 2014**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE